Can we call the next case? Case number 13-1536. Council on Occupational Education v. Robert Keats. Oral argument left to speak. 15 minutes per side. Mr. Bowles for the appearance. Thank you, Your Honours. My name is Chip Bowles. Bingham Greenbaum Dahl for Council on Occupational Education, which I'll refer to as COE. Also at council table is my co-counsel, Darren Dickerson of Alston & Byrd, and I'd like to reserve three minutes for rebuttal. Your Honour, in this particular matter, we are requesting that the Sixth Circuit vacate the Bankruptcy Court's findings of fact that were entered in this adversary proceeding between the debtor and COE and remand this matter back to the District Court for appropriate adjudication on the underlying adversary proceeding, including trial by jury should that become necessary, and following the appropriate guidance of this Court to afford great deferences to COE's accreditation decision. There are four primary reasons why this appeal should be granted. First, in the findings of fact, to the extent any factual findings are binding our COE in its adversary proceeding or in the bankruptcy case, the extent they were made that violates COE's right to trial by jury, as set forth by the Supreme Court in Grand Financiera and in Marathon. Secondly, Your Honour, to the extent the findings of fact were properly entered by the Court, allegedly as a final order on a core matter, they violate COE's constitutional rights to have common law actions, such as the matters in the AP, issued by an Article III Court, as required by Stern v. Marshall, Waldman, and the Shreve case out of the Seventh Circuit. Third, Your Honour, the alleged findings went far beyond anything that COE agreed to or the bankruptcy court below even suggested would be tried at this hearing, and in essence it became, in the findings of fact, a large advisory opinion, which is prohibited by the U.S. Constitution. And my final reason for reversal, Your Honour, is the underlying findings of fact are clearly erroneous. They were made under an incorrect legal standard and, in fact, did not even follow the bankruptcy court's own set-out agenda for what his opinion to provide guidance to get the debtors out of a Catch-22 would require. Therefore, Your Honour, I believe that they need to be reversed. Do we have jurisdiction over this appeal? I think you do, in fact, Your Honour. This is an appeal from the final order of the District Court. How is it a final decision of the District Court? In this particular case, Your Honour, first of all, the District Court says it is, but that doesn't matter much. The main thing is, Your Honour, this is a final order adjudicating three constitutional issues that involve my clients. First of all, whether or not my clients have waived their right to a trial by jury or still have a right to a trial by jury, but more importantly, Your Honour, whether the factual findings entered by the bankruptcy court have any impact on my clients whatsoever. So I think that, therefore, this court does have jurisdiction, if nothing else, to correct the procedural mistakes below. As the District Court said, this is a procedural morass. I would agree, absolutely. Is there a case that you would point us to that would support your view that this is a final judgment? As a final judgment by the District Court, the cases that I would point to would basically be the cases that would come out of Waldman and Stern v. Marshall. Those were purported final decisions that could be heard by this District Court, and by the Supreme Court to hear on appeal. It turned out they weren't final. If the District Court was wrong, that per se doesn't give you the right to have an interlocutory appeal. Following up on Judge Moore's question, what of the traditional categories that allows an interlocutory appeal, Cohen or whatever, are you claiming you're here on? The one that I would claim we are here on, Your Honour, is in fact the interlocutory appeal that relates to a determination of rights collateral and inseparable from our adversary proceeding, but they were made specifically for another proceeding, and that is the administrative action in front of the Department of Education between the debtor and the DOE. We believe that that has happened because we're basically faced with an advisory opinion, and we have not been able to ascertain, other than through the District Court, saying that it was an interlocutory appeal, he could hear it, that we might be affected by these rights. So I believe that it is a final order that you all can hear. I just have nothing else to correct the procedural issues and constitute issues below. Well, there's a lot of final orders that are issued in the course of complicated litigation that aren't appealable as an interlocutory matter. They're final as to a certain aspect of the case, but they're not dispositive of the case. Generally, when we use the term final order, we mean the case is over. But in bankruptcy court, Your Honor, there's a far more lenient standard, and to be honest, in this particular case, given the fact that we started out with a hearing on an advisory opinion requested by the debtor and managed to get a hearing on that which reported to be a final order, we believe that's final enough on our constitutional rights to have this court hear it and, in fact, decide that, no, it should not have been entered and we should not have to be able to go through the expense and the questions of trying to do it. It's a very simple constitutional issue. I know that that's basically going to the bankruptcy exception to finality, but I think that's what we're here on, Your Honor. But when you're talking about the bankruptcy exception to finality, are you talking about the exception that allows an appeal of what a bankruptcy court rules on to the district court? Not only to the district court, Your Honor, because that's one that's set by statute, but also there's a general, I won't say lesson, but certainly not as burdensome for absolutely final. Because the bankruptcy court, remember, you could say that the only final order a bankruptcy court issues is either a Chapter 7 discharge, which concludes everything in the case, or a confirmation of a Chapter 11 or Chapter 12 plan, which concludes everything in the case. And the courts of appeals have allowed several other orders for matters in this thing to get further. That's the one I'm talking about, not the statutory one, which would only allow one level of appeal. Well, apart from that, it seems to me that you consented to have the bankruptcy judge make a ruling on exactly what he made a ruling on. So let's get back to that. Well, that's basically where we get to our jury trial, Your Honor. We actually didn't consent really to anything. And you have to go down for the history of what occurred in this case. First, Your Honor, we filed a motion to dismiss the adversary proceeding that the debtor filed against us. At the same time pending, there was an administrative proceeding in the Department of Education that would relate to a proof of claim objection the debtor had. So there are three separate bankruptcy issues. We basically said, we want to have it dismissed. One of our grounds was, you've not exhausted your administrative remedies. The debtor, Your Honor, decided five days before in agreement with the Department of Education that we would not attempt to exhaust our administrative remedies, but instead stay them. Because they believed they wanted, quote, an advisory proceeding from the bankruptcy court to proceed. Remember, they could have exhausted their administrative rights, but failed to do so. In fact, they agreed not to exhaust their administrative rights. Leading to part of the confusion, including the fact that the court would end up entering the findings of fact. Our waiver, Your Honor, was only on one single issue. And it's in the record, which basically says, we've reached a single factual determination of whether COE was subjectively honest when it informed the Department of Education that it did not approve the three programs involving Decker College procedures under a substantially through an online delivery method. And that's substantially through an online delivery method. In fact, the bankruptcy court never even answered that. It basically said, we believe that there was a factual error because they had been approved to offer courses through distance education, but did not say substantially through an online delivery method. I can't think of an issue that's more central to what this case is about than that one. Well, the central of this case, but it's an adversary proceeding. Remember, the case that this was entered into, an adversary proceeding, the district court had already found was an unrelated non-court proceeding. That was in our separate motion to withdraw the reference. He said it was simply not time to withdraw the reference and remand it back to the bankruptcy court to hear it. But that doesn't give the bankruptcy court the right, merely because it's a central action, to make a final binding decision on an ordinary state law claim. That was what I believe the Sixth Circuit said in Waldman. Certainly I believe it's what the Supreme Court said in Stern versus Marshall. So to the extent they argued that, gee, these are final orders that we can enter because they're court proceedings, those are factually incorrect, and legally incorrect because they are unconstitutional. If it, remember, Stern versus Marshall, you had basically a counterclaim against someone who filed a proof of claim against the debtor. And the Supreme Court said, even though that was statutorily considered a core claim, it was not the type of claim that the bankruptcy court could enter a final order on because the underlying action was one of the types of marathon cases which only Article III courts can enter. So there's footnote 7 in the district court opinion that says if I'm wrong in calling this core, and it's not a core, I'm fully satisfied that the record supports the factual finding. Isn't that enough to deal with your objection? We would probably challenge that a footnote will not go to the review that this court has ordered and other courts have ordered. But also, Your Honor, it has the problem of it doesn't hit our jury trial issue. Remember, we agreed to a single factual question to be used solely in resolving an administrative action before the Department of Education. Is that in writing somewhere, what exactly were the terms of your waiver? The terms of our waiver, yes, Your Honor, that was set forth. It's in the Bankruptcy Case Document No. 98, which is Council on Occupational Education's Statement in Response to the Bankruptcy Court's Order. It basically says, Your Honor, quite simply, and we've said this not only there but in several other cases, in the COE's motion for clarification, we said, this is our understanding of what our waiver would be. It would be on the single issue. In our trial brief, we said, this is our understanding of what the hearing will be. It will be on a single issue. In our motion limiting, we said, this is our understanding. The Bankruptcy Court never said we were wrong in our understanding. And for there to be any type of waiver for a jury trial, it has to be a knowing waiver. And we said, this is our understanding. This is what we want to agree to and do. Well, whether you call it advisory or final or whatever, the Bankruptcy Court only ruled on the one issue you submitted to them. Well, yes and no, Your Honor, because the Bankruptcy Court went out and made numerous factual determinations to make its ruling saying what COE should have done. If you had properly accredited, you would have asked more questions. If you had properly reviewed this, you would have asked more issues. But that's the path he took to resolving the question you put before him. But remember, that gets, Your Honor, to our last issue, other than they're wrong, and that is the standard of deference. COE was acting as an accrediting body when it answered these letters. COE was acting as an accrediting body when it approved or didn't approve the programs. COE did not get any deference, and both the Bankruptcy Court and the District Courts say they don't, because they simply say a different issue was involved, the proof of claim between the debtor and the Department of Education litigation, not anything through there. Well, you get deference as to your determination as to eligibility or non-eligibility, whatever term you want, but you don't get deference as to your credibility. Perhaps not, Your Honor, but when our credibility is decided with whether what you should have known, could have known, should have done, not on whether what we actually knew was correct or not. Remember, the bankruptcy judge didn't say, their line, this is wrong. He said, looking at the totality of facts on what they should have done, could have done, they didn't care about distance education, and they should have asked more questions. If you have more questions, I answer, but otherwise my time is up. We do not, thank you, counsel. Good afternoon. My name is Peter Kaufman, may it please the court. I represent Robert Keats, bankruptcy trustee for Decker College. As the court's questions have presaged, there are really two procedural facts that resolve the issues that have been raised by COE in their appeal. The first is that COE consented to the exact fact-finding that took place here. They consented to a bench trial, they consented to a bench trial on the veracity, which is to say the truth or falsity, of COE's statement that it, quote, never understood and did not perceive that the construction programs at Decker were going to be offered through distance education. Distance education, of course, you wouldn't know it from what you've heard, but distance education is a term of art. It's defined by COE in what they call their bible, their handbook. And it's defined as 50% or more online or through some other distance methodology. Well, how far do you carry that? Are you saying the only thing left now is whether to award you $33 million to the... No, Your Honor. But I think Judge Fulton did something really smart here to avoid ping-pong appeals and litigation. He sent out an order a month before trial, and he said if you have any statutory or constitutional objections to this court holding a bench trial on this issue, bring them forward. And they didn't bring forward a Seventh Amendment claim. Instead, they said that they consented to the hearing taking place on the topic, which they defined themselves in Bankruptcy Docket 98 as the veracity of their statements to the department. Well, is it your position now that, in effect, the claim that the trustee is making is it's a done deal now? You've carried your burden of proof on that, and it's all over with? In the adversary proceeding? Yeah. No, we've got to prove damages. We've got to prove negligence. We've got to prove intent on fraud claims. We've got to prove... Okay. And can they have a jury trial on that? No, they're going to get a trial under whatever. They didn't waive anything on that. They waived it as to this hearing on this issue. That was a strategic decision that they made. Lawsuits cost money. They take time. They decided they wanted to have a bench trial on this issue, and they consented to it. They could have said no. What makes what the bankruptcy court decided and then the district court having decided it, what makes that appealable at this stage of the game? I agree with Mr. Bowles that the final order, what constitutes a final order in bankruptcy, is more lenient than final judgments for normal appeal. I would give you a case. It's N. Ray Blatstein. It's a Third Circuit case. I just happened to look in Collier's before I came over, and that was the case they cited. So I'm sorry I don't have a Sixth Circuit case. And that's 192 F. 3rd 88. The primary thing that the Third Circuit looked at in whether a final order in bankruptcy is final for purposes of appeal is the impact of appellate consideration on the assets of the estate. Obviously, here, the impact of having this final order become final so that I can take it back to the Department of Education and say, look, you said that you couldn't look behind COE's statements to find out if they were lying, that you weren't competent to do that. It took a court. And I happen to agree, courts are really the people who are good at finding out who's telling the truth and who isn't. And they said, we can't look behind that in order to assess your claim against us for $20 million. And, of course, the bankruptcy court is not going to be able to look at their proof of claim for $32 million either until they know whether COE was telling the truth or not. Because, as may be obvious or not, COE is one of the three gatekeepers to federal funds. You can't get federal funds unless you're accredited. You have to do other things, too, but you have to be accredited. So Third Circuit says the first and primary is the impact of appellate consideration of the assets of the estate. That's very strong here. Other things are the necessity of further fact-finding if it's remanded. There's no necessity for any further fact-finding here. The preclusive effect of a decision on the merits. The merit of this factual decision. I mean, all we're doing, all Judge Fulton did here, was decide this particular fact. And that seems complete. Now you, as I understand what you're saying, you have or you are going to use that with DOE to say, withdraw your claim for all this tuition you paid us because we didn't do anything wrong. Correct, Your Honor. But you're also saying that isn't the same as saying you get to collect from COE. Exactly. We're going to have to go back into the bankruptcy court or the district court, depending, and we're going to have to deal with their Seventh Amendment claims, which, of course, they only waived for this fact-finding hearing. And we're going to have to deal with all that. I would say that this fact, this particular fact, has now been decided for this adversary proceeding. This wasn't done in a vacuum. It wasn't done outside the adversary proceeding. It was done in this adversary proceeding as a result of their motion to dismiss and to stay. And that's why. So there's no reason to force the court system to bring the same witnesses in, many of whom are third-party witnesses, have them testify again, et cetera. They consented to have this done, and it's been done. And so this one fact, out of all the many facts that will need to be proved in this case, has been proven and decided finally. So that's why I think there is appeal here. It's also an interlocutory order, and the district court treated it as an interlocutory order. Obviously, there's a controlling question of law here in, say, the Stern case that they bring up and the Seventh Amendment cases they bring up. And so it's appropriate to be heard under 28 U.S.C. 1292 as well. Would there have to be certification under 1292? There would, but the district court, while he didn't call it certification, talked about the things that would go in a certification. It seems to me it's a practical matter. There's a controlling question of law. He called it an interlocutory order under 158, so he clearly thought that he was exercising interlocutory. Right, because as I understand it, 158, when it's talking about the appeal to the district court, specifically in 158A3, gives the district court the right to hear interlocutory order. Exactly. And the U.S. Supreme Court and Connecticut National Bank against Germain said that the fact that there isn't a similar provision for the courts of appeals in 158 is not a negative by implication, that 1292 still applies. So it seems to me the intent of the district court is very clear that he thought this was an interlocutory order and he was treating it as such. Getting back to sort of the main theme of this, which is sort of hard to follow, so in effect, since you having any claim against COE would be dependent on somebody having a successful claim against you, one can understand how they might have said, well, we don't really care if what you do in this proceeding results in the DOE withdrawing their claim for past tuition and so forth. But if that doesn't dispose of any action against us, we object to that finding being substantive as to any liability we might have to you. Right. And you'll look in vain in their written waiver document for that language that the court just used. Okay. They do not try to say, Your Honor, Judge Fulton, you can use it for some purposes but not for others. They point out the fact that it is going to be useful in front of the department, which is, of course, true. But when they were asked to raise a constitutional objection, they did not raise Article 7, or excuse me, the 7th Amendment. They don't say that this can't be used in these different ways. They simply don't say it. They let the court go on. But I take it your position is also that even if DOE tomorrow said, we're out of here, we're not going to fuss with Decker College or the bankruptcy or anything anymore, you would still make the argument that COE put you in this mess and that you, in effect, went into bankruptcy as a result of all that happened after that. Clearly, yes. And that's what the adversary proceeding is about. They killed the school. They knew what we were doing. They were confronted with it over and over again. As late as a month or two before, the same people who claimed they had no idea this was distance education were given in writing. So your claim is not limited to having to pay something back to DOE. Your claim is beyond that, broader than that. In the adversary proceeding, that's right. We have a monetary claim. This was a multimillion-dollar, if not hundreds of million-dollar business that was driven out of business by the folks at COE who claimed to be shocked that there was distance education going on at Decker when they had been told in writing just a month before. It may not be part of the record, but I take it since Decker is a private college, they're not getting any money from the state, and they can't impose property taxes. So they live or die on tuition. That's how they run the school, isn't it? Correct, Your Honor. That's right. Yeah, it's not a charity. It was a business. That covers much of the material. I think one thing that they didn't raise, that the court raised it, is de novo review. And I think this is really, in some ways, kind of much ado about nothing. Again, just as Judge Fulton was very wise to have required any objections to be raised in advance, Judge Haburn in the district court was very wise to have done an alternative ruling, which courts do all the time. This court has done it several times. I'm not going to bother to read the examples in, but I went and I looked it up. And it's a great thing for a court to do so that a reviewing court can look at the whole picture and have, if there's more than one grounds to uphold it, they have more than one grounds to uphold it. And that's exactly what Judge Haburn did here. He ruled in the alternative that this was, pardon me, under Rule 9033D, he ruled in the alternative, under de novo standard of 9033D, that the record supported the district court's factual finding. And that resolves the questions here. Under the last resort rule, and I love to quote Justice Brandeis, never got to do it before, but Justice Brandeis in the Ashwander case said that you should avoid a constitutional question if there is, quote, some other ground on which the case can be disposed. But that would not resolve the Seventh Amendment question. Correct, Your Honor. If the district court did a de novo review, we still would have the Seventh Amendment question. That's right. That's resolved by consent. That's the way that it's resolved. And consent also resolves due process. This is what they consented to have happen and to be decided, and it was. As I understand the essence of your opponent's argument on the Seventh Amendment issue, it is that there were a number of writings where your opponent said that their consent to waiver of the Seventh Amendment jury right was limited to a particular issue. And your approach, as I understand it, is the bankruptcy judge said, I give you a month to object to my holding a bench trial on these topics. Could the two sides essentially be passing in the night here in that perhaps there wasn't an official objection made within a month, but there were documents that were limiting, as your opponent argues, that would have the effect of preserving the Seventh Amendment right? What they seem to be preserving on their Seventh Amendment right is not the ultimate question that actually was very carefully decided by Judge Fulton. Judge Fulton was very careful to just decide one thing. Were the statements of the department truthful? That question they unambiguously, affirmatively consented to in their consent document. And the consent document is what document? 98. 98. 98. And it says... Let's see where to start. In the current posture of this case, where the court will be referring the pending claims to U.S. Department of Education administrative process after conducting a narrow fact-finding hearing on the veracity of COE's statements to the Department of Education concerning COE's approval of Decker's construction programs, COE believes that such a hearing serves judicial economy and does not violate the requirements of Stern against Marshall. So they affirmatively say the hearing should go forward on the fact-finding about veracity and that they don't raise a Seventh Amendment issue. Where they seem to have trouble, and Judge Guy referred to it, is the fact that the district court looked at circumstantial evidence to find out whether they were telling the truth. That's really what their problem is. They think that when they consent to a judge hearing something, they get to, after the fact or sub rosa, consent to how the court does it. What evidence does the court hear? What inferences does the court make? What standards does the court apply? That's not what you do. If you give up your Seventh Amendment right, you give it up. You don't get to say, I give it up as long as the court only hears my witnesses or as long as the court thinks my witnesses are better or whatever. You give up... I heard you say the district court looked at circumstantial evidence. Did I hear correctly or did you mean the bankruptcy court? Well, they both did. But the bankruptcy court in the first instance and, of course, the district court in de novo review. So that's really what they're saying. And this court in the Solis against Laurelbrook Sanitarium case made the very obvious point that under Rule 52, judges are supposed to, after bench trials, make subsidiary findings, what this court has called subsidiary findings, on which an ultimate conclusion can rationally be predicated. And that's what those... that circumstantial evidence that was used there is Judge Fulton and then Judge Haburn looking at subsidiary facts necessary in order to predicate a finding that the statements were true or they were false. If someone says that they had a particular state of mind at a point in time and then afterwards they don't act like that, you know, if I say it was a sunny day that... well, that's a bad example. But, you know, if they say that some... that they had a certain state of mind and later on they're confronted with things that are contrary, very contrary to that, and they don't react. They just act as if that's what they expected. That can lead a fact finder to believe that they never really, that they always understood that. And that's the case here. They always knew there was distance education going on at Decker. My time is up. Thank you. Your Honors, let me take up two of the issues that were brought up in the Decker College presentation. First of all, going back to Document 98. If you note, he went through quickly, but the key issue here is where the court, the bankruptcy court, were referring the pending claims to a U.S. Department of Education administrative process. This was not where we said we'll agree to this for all things. Our agreement was very specific. They wanted to have, where they agreed with the Department of Education to hold up the administrative process to get what turns out to be an advisory opinion. We said we would consent to that advisory opinion. At no point did we ever consent in writing or otherwise that there be final findings of fact to do it. In fact, we demanded our jury trial right to this. This was an attempt to help the case go forward. An attempt to try to get them out of the Catch-22 that they are so fond of and sell you their administrative expenses. Is the administrative proceeding still going on? Or is that done? I believe it is still going on in that it has not been resolved. But as for where it's going, I do not know. I think it's still sitting here. The second thing, Your Honor, is in this particular case, we did not, like I said, we didn't agree to that. We didn't also agree to waive our jury trial rights. One of our biggest issues that we have here is the fact that they have attempted to say, gee, this is a full waiver. It's not. They were both subsidiary pleadings. Every time we had a chance, we said, the only thing we're allowing this to go forward on is to help you out with an administrative proceeding in front of the Department of Education. This was entered in something as a true court proceeding. On the second issue of what happened on the Department of Education's, on the bankruptcy court's, pardon me, the district court's analysis on de novo review, in this case, Your Honor, I don't think the district court either A, didn't know, or B, did it in a way that would preserve our jury trial rights. Remember, we basically said, we will consent to this for an administrative hearing, not for anything else. We didn't agree to give up our jury trial rights, and this never came out by anything we agreed to at all. Remember, this came from the bankruptcy court ordering us to go to this hearing before we could agree to or not agree to anything. It's a little hard, thankfully, Your Honors, I'm sure we'll find out, to object to what courts have ordered you to do. We made the best we could by saying, this is what we'll agree to, in our consent and everything else. Well, at this point in time, has this finding that the bankruptcy court made as sustained by the district court been used against you, has it been used in other than the administrative proceeding? Well, the only thing I can tell you is they attempted to attack our accreditation and failed when the, I believe we filed a supplement, the Department of Education found that we acted properly in this. But, no, they've made it very clear they plan to use this for purposes that we never intended and believed in. Well, but there's a fairly, until they do that, there's, and I can't quote you cases or anything, but there's a fairly well-developed body of law as to the role that administrative findings can play in terms of trials that relate to the same issue, whether it can be admitted or whether it can't be admitted, whether the fact that it exists, whether it's fair or not,   into saying that somehow you're not precluded from urging that, are you? Oh, no, not from the administrative. What we're seeing here, Your Honor, is they're attempt to basically ambush us into saying somehow you consented to give up your jury trial rights and adjudication by a binge trial of a final hearing on not merely one issue but all the subsidiary issues he's talking about. Our consent was very clear, Your Honor, and that's what we agreed to, that and nothing more. Thank you, Counsel. The case will be submitted.